UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOREN MICHAEL TYLER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:12CV342 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion to vacate. On May 14, 2014, the Court conducted a hearing with respect to Movant's claim that he asked counsel to file a notice of appeal and that counsel did not do so. For the reasons set forth below, the Motion is denied.

### Movant's Claims

Movant makes the following claims in his Motion:

**Ground One**: Counsel was ineffective for failing to file a notice of appeal;

**Ground Two:** Counsel was ineffective for failing to investigate his criminal history;

**Ground Three:** Ineffective assistance of Counsel for failing to file a motion to

dismiss the indictment because it was duplicitous;

**Ground Four:** actual innocence;

**Ground Five:** when movant entered his guilty plea, he was unaware he could challenge his criminal history.

## Facts and Background

On April 22, 2010, Movant was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Movant plead guilty to this Count, pursuant to a written plea agreement on January 24, 2011.

A pre-sentence investigation report was prepared, as ordered by the Court.

Movant filed objections to the Pre Sentence Investigation Report, which the Court overruled. The Court sentenced Movant to 180 months incarceration and a period of 5 years supervised release. Movant did not appeal his conviction, judgment or sentence.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to

relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Grounds One: Counsel was ineffective for failing to file a notice of appeal**

The Court heard testimony from Movant and his former attorney, John Lynch. At the hearing, Movant testified, as did Mr. Lynch. Exhibits were admitted for the Court's consideration, which included the transcript of Movant's sentencing hearing and his Plea Agreement, as well as the Rule 12.07

Certification.

At sentencing, the Court advised Movant of his appeal rights:

> Mr. Tyler, it is now my obligation to inform you of your rights regarding appeal, so please listen carefully. You may appeal the sentence and judgment in this matter, but you must do so within 14 days of the date of the sentence and judgment, which is 14 days from today's date. If you do not file your notice of appeal or appeal before that 14 days runs out, then you will have given up your right to be able to appeal the sentence and judgment. If you cannot afford to pay the costs of filing costs be waived, and if, in fact, those costs are waived, then the Clerk of the Court will file your notice of appeal free of charge on your behalf. You may appeal the sentence and judgment where you feel or believe that the sentence and judgment violates the law in some fashion or is in some way otherwise contrary to the law or it is void or voidable on its face, there being some legal technical difficulty with the judgment that makes it unenforceable. In any event, I believe that by virtue of your plea agreement in this matter and your plea on the record, you have given up all of your rights of appeal, and if you have preserved any, they are limited to things, although they are not appeals, they are appeal-like, that relate to ineffective assistance of counsel or prosecutorial misconduct. Okay?

Mr. Lynch advised the Court that he had discussed appeal rights with Movant and explained the waiver of same to him. Moreover, Mr. Lynch filed with the Court the Local Rule 12.07 Certification wherein Movant certified that he had been fully informed of the right to appeal the final judgment in his case and declined to file a Notice of Appeal, and that he had instructed counsel not to file an appeal. Indeed, as part of the Plea Agreement, Movant waived his rights to appeal the sentence and conviction, with the exception of ineffective assistance of

counsel and prosecutorial misconduct

At the hearing, Mr. Lynch testified that Movant had voluntarily signed the Certification and that they had discussed the appeal waiver and whether an appeal should be filed. In spite of the Certification, Movant argued that he made several attempts to reach Mr. Lynch regarding his appeal. Even though the Court advised Movant that an appeal would be filed for him by the Clerk of the Court, Movant made no attempts to contact the Court.

Based on the record before the Court, including Movant's underlying criminal case and the filings in this proceeding, the Court concludes that Mr. Lynch was not ineffective by reason of failing to file a notice of appeal when requested. The record clearly establishes that counsel satisfied his obligations under *Strickland* with respect to not filing a notice of appeal on behalf of Movant. Ground One is denied.

**Ground Two: Ineffective Assistance of Counsel for Failure to Investigate Movant's Criminal History**

Movant's Pre-Sentence Investigation Report details Movant's prior convictions. Movant did not object to the convictions listed in the Report. Indeed, at the plea, Movant was advised that he was subject to a minimum term of imprisonment of 15 years. He made no objection. When asked if counsel had

performed to his satisfaction, movant responded in the positive. Movant did not object to his criminal history at sentencing, even though the Court allowed him the opportunity to address the Court.

**Ground Three: Ineffective assistance of Counsel for failing to file a motion to dismiss the indictment because it was duplicitous.**

Movant argues counsel was ineffective for failing to move to dismiss the indictment on duplicitous grounds. Movant's claim is without merit. As the government correctly argues, Section 924(e)(1) is not a charging statute, but rather a penalty provision which included in the indictment to advise Movant of the potential for a mandatory minimum 15 year sentence.

**Ground Four: Actual innocence**

Movant argues in Ground Four that he is actually innocent of the predicate crimes which were used to enhance his sentence. Movant waived any such claim in his Plea Agreement, as this claim does not fall within the reserved ineffective assistance of counsel or prosecutorial misconduct categories.

**Ground Five: When movant entered his guilty plea, he was unaware he could challenge his criminal history.**

The Court questioned Movant at his guilty plea hearing at which time Movant did not raise the issue of criminal history to the Court, even though the

Plea Agreement noted that the parties believed Movant was subject to Section 924(e)(1). Moreover, the Court asked Movant whether his attorney had explained everything to his satisfaction at the time of the Plea hearing.

Movant did not object to the Pre-Sentence Investigation Report wherein the Probation office calculated Movant's criminal history. He was given the opportunity to object prior to sentencing but failed to do so.

## Conclusion

Based upon the foregoing analysis, Movant's claims fail to afford him relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], and the supplements thereto, are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 30th day of June, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE